Paul E. Danielson, Justice, concurring in part and dissenting in part. I concur in the majority’s disposition but write separately because I would affirm the circuit court’s finding that it was not in M.F.’s best interest to have visitation with Appellant Jessica Foust. The majority opinion needlessly engages in an analysis of whether Foust stood in loco parentis to M.F. and then erroneously concludes as follows: In short, because Foust had not lived with the child for over three years, Foust could not stand in loco parentis to M.F. Accordingly, the circuit court did not clearly err in holding that Foust was not in loco parentis for the entirely of M.F.’s life. Having concluded that Foust did not stand in loco parentis to M.F., we need not reach her contention that the circuit court erred in finding that permitting visitation with her was not in the child’s best interest. What the majority wholly ignores is that the circuit court did not deny Foust’s request for visitation on the basis that she did not stand in loco parentis to M.F. for the entirety of the child’s life. Quite to the contrary, the circuit court in its memorandum of decision specifically stated as follows: From the evidence, the court concludes the plaintiff has successfully demonstrated that she stood in loco parentis to [M.F.] during the first three years of the child’s life. She lived in the same home, shared in the child’s day-to-day care and activities, held herself out to be [M.F.j’s parent, generally acted in the place of a parent, and fully accepted the responsibilities of parenthood. ho In loco parentis standing having been established, we turn to the best interest issue, which is more problematic. (Emphasis added.) This finding was reaffirmed in the circuit court’s order, which stated that Foust “successfully demonstrated that she stood in loco parentis to [M.F.] during the first three years of the child’s life.” But, the circuit court then found that Foust “has failed in her proof as to the best interest issue.” It is clear that the circuit court found that Foust stood in loco parentis to M.F. and that the circuit court then determined that it was not in the child’s best interest to allow visitation. The fact that the circuit court’s order qualified the in loco par-entis status does not equate to a finding that visitation was denied on the basis that Foust was out of the home and, thus, could no longer stand in loco parentis to M.F.[1] But, in reframing the issue before it, the majority creates an opportunity to retreat from this court’s holding in Bethany v. Jones, 2011 Ark. 67, 378 S.W.3d 731, by limiting the status of in loco parentis to situations in which the person seeking visitation remains in the home with the child. Such a conclusion raises the Inquestion of why a person still residing in the home would ever need to assert in loco parentis status and obtain a court order allowing visitation. Under the majority’s holding, a person would be required to seek a preemptive order of visitation. This conclusion is nonsensical. Moreover, the majority’s failure to even cite to our decision in Bethany, a case that is clearly on point, is disingenuous, particularly in light of the fact that the circuit court relied on that decision in finding that Foust stood in loco parentis to M.F. In choosing to just ignore the decision in Bethany, the majority has created an irreconcilable conflict in our law. If the point of this decision is to overrule Bethany, then the majority should explicitly say so. I simply cannot imagine the plight of practicing attorneys and circuit judges in light of the murky state of our law. Although I do not agree with the majority’s analysis, I do agree that the circuit court’s order denying visitation should be affirmed. The circuit court had the benefit of hearing the witnesses’ testimony and observing their demeanor in determining that it was not in M.F.’s best interest to allow visitation. This court has held that we review issues of child visitation under a de novo standard of review. Brown v. Brown, 2012 Ark. 89, 387 S.W.3d 159. We will not reverse the circuit court’s findings unless they are clearly erroneous. Id. When the question of whether the circuit court’s findings are clearly erroneous turns largely on the credibility of the witnesses, we give special deference to the superior position of the circuit court to evaluate the witnesses, their testimony, and the child’s best interest. Id. Thus, considering the fact that the circuit court was in the superior position to evaluate the credibility of witnesses and to determine the best interest of M.F., I would affirm its order 112denying the petition for visitation. Hannah, C.J., joins. . The majority also improperly opines that "because Foust did not stand in loco parentis when she filed her action, she did not have standing to seek visitation.” In so doing, the majority points to the fact that Montez-Torres raised a standing argument to the circuit court. What the majority does not say is that Montez-Torres in her brief to this court repeatedly states that the only issue in this case is whether visitation was in the best interest of M.F. The fact that the majority nevertheless addresses this argument completely disregards the well-established principle that we do not make a party's argument for him or her. See, e.g., Teris, LLC v. Chandler, 375 Ark. 70, 289 S.W.3d 63 (2008) It is completely unnecessary for the majority to engage in a convoluted analysis on an issue that is not even properly before us. I find it interesting that the majority’s only response to my concurrence is a hollow accusation that I have confounded the law on appellate procedure. The only thing confounding about this case is the majority's complete refusal to analyze and decide an issue that is properly before us, namely, whether visitation was in the child’s best interest.